FILED
United States Court of Appeals
Tenth Circuit

November 28, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL KENYATTA MATTOX,

Petitioner-Appellant,

v.

DAVID MCKUNE; DEREK
SCHMIDT,

Respondents-Appellees.

No. 14-3145
(D.C. No. 5:12-CV-03121-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH, MURPHY,** and **HOLMES,** Circuit Judges.

Michael Mattox was convicted by a Kansas jury of second degree murder

and the criminal discharge of a firearm. After failing to undo those convictions in

state court in direct appellate proceedings or on collateral review, he sought relief

in federal district court under 28 U.S.C. § 2254. When that effort, too, proved

unsuccessful he filed a request in this court for a certificate of appealability. We

may issue a COA, however, only if the petitioner first makes a "substantial

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That much Mr. Mattox has not done.

Mr. Mattox argues that his Sixth Amendment right to effective appellate counsel was violated when one of his attorneys failed to pursue a *Miranda* argument. But the Kansas Supreme Court rejected this complaint on the ground that Mr. Mattox could not show that counsel's alleged misconduct prejudiced him. The court explained its judgment that, even disregarding the evidence Mr. Mattox wished excluded as remedy for the putative *Miranda* violation, a glut of inculpatory evidence remained. Where, as here, a federal constitutional claim has been "adjudicated on the merits in State court proceedings," a federal district court may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d); *Harrington v. Richter*, 131 S. Ct. 770, 783-84 (2011). Given the evidence that remained admissible against him, the district court held that the Kansas court's Sixth Amendment prejudice analysis was "undoubted[ly]" a reasonable application of settled constitutional principles and no federal habeas writ could lawfully issue. The court offered thirteen pages of analysis on this score. In it we can discern no error and, accordingly, a COA is not appropriate. This appeal is dismissed and

the motion to proceed *in forma pauperis* is denied.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge